IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANDY LEE IRIVIN REID, AIS # 250418, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:26-CV-357-WKW [WO] |
| ALABAMA DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Randy Lee Irivin Reid, an inmate proceeding *pro se*, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) At the time of filing, Plaintiff neither paid the $405.00 filing and administrative fees nor filed an application for leave to proceed *in forma pauperis* (IFP). On May 7, 2026, the court issued a Notice of Deficiency directing Plaintiff to either pay the requisite filing fees or submit an IFP application by May 21, 2026. (Doc. # 2.) On May 29, 2026, Plaintiff's notice (letter) to the court was received and docketed. (Doc. # 3.) This notice was construed as a motion for an extension of the deadline for Plaintiff to either pay the filing and administrative fees or file an IFP application. (Doc. # 4 ("June 1 Order").) The June 1 Order extended the Notice of Deficiency's deadline to June 29, 2026. (Doc. # 4 at 2.) To date, Plaintiff has failed to comply with the

Notice of Deficiency's directives, despite being granted an extension of the deadline to do so.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the Notice of Deficiency's directives and the June 1 Order and because this case cannot proceed without either prepayment of the requisite filing fees or the granting of IFP status, this action will be dismissed without prejudice.  No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 6th day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE